UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UMG RECORDINGS, *et al.*,<br><br>　Plaintiffs,<br><br>　v.<br><br>JOHN DOES 1-199,<br><br>　Defendants. | Civil Action No. 04-093 (CKK) |

**MEMORANDUM OPINION**
(March 10, 2004)

Before the Court is Plaintiffs' motion for leave to take expedited discovery. Plaintiffs are record companies suing a series of John Doe Defendants for copyright infringement. Plaintiffs request permission to serve limited, immediate discovery on Verizon, a third party internet service provider ("ISP"), in the form of a Rule 45 subpoena. Plaintiffs seek the true identities of Defendants, including each Defendant's true name, address, telephone number, email address, and Media Access Control address.

According to Plaintiffs' complaint, each Defendant uses an online media distribution system to download Plaintiffs' copyrighted works, distribute these works to the public, and/or make copyrighted works available for distribution to others. Pls' Mot. at 2. Although Plaintiffs do not know Defendants names, Plaintiffs have identified each Defendant by a unique internet protocol ("IP") address assigned to that Defendant on the date and at the time of the allegedly infringing activity. *Id.* Through the use of a publicly available database, Plaintiffs have traced the IP address for each Defendant and determined that it belongs to Verizon. *Id.*

Public Citizen, the American Civil Liberties Union ("ACLU"), the Electronic Frontier Foundation, and the ACLU of the National Capitol Area have collectively requested leave to file a memorandum as *amici curiae* addressing Plaintiffs' motion. *See Amici* Mot. Plaintiffs oppose this motion, stating that the issues raised by *amici* are premature. Plaintiffs point out that no party has raised the issues *amici* raises in its memorandum, and that it is well established that *amici* cannot inject issues into a case which have yet to be raised by a party. Pls' Opp. to *Amici* Mot. at 1, 5; *see McCleskey v. Zant*, 499 U.S. 467, 523 n.10 (1991). While Plaintiffs are correct that *amici* raise issues prematurely, the constitutional and procedural issues identified by *amici* can be resolved in the ordinary course of this litigation at the appropriate time. Accordingly, the Court shall Grant *amici*'s motion for leave to file.

It is clear to the Court that Defendants must be identified before this suit can progress further. The Court shall grant Plaintiffs' request for expedited discovery, with certain limitations outlined herein. Plaintiffs will be allowed to serve immediate discovery on Verizon to obtain the identity of each John Doe Defendant by serving a Rule 45 subpoena that seeks information sufficient to identify each Defendant, including name, address, telephone number, email address, and Media Access Control address. The disclosure of this information is ordered pursuant to 47 U.S.C. § 551(c)(2)(B), which authorizes cable operators to disclose personally identifiable information when the cable operators are ordered to do so by a court. Any information disclosed to Plaintiffs in response to the Rule 45 subpoena may be used by Plaintiffs solely for the purpose of protecting Plaintiffs' rights as set forth in the Complaint.

If and when Verizon is served with a subpoena, Verizon shall give written notice, which may include email notice, to the subscribers in question within five business days. If Verizon

2

and/or any Defendant wants to move to quash the subpoena, the party must do so before the return date of the subpoena, which shall be 25 days from the date of service. Verizon shall preserve any subpoenaed information pending the resolution of any timely filed motion to quash. Plaintiffs shall provide Verizon a copy of this Memorandum Opinion and Order along with its subpoena.

An appropriate Order accompanies this Opinion.

March 10, 2004

/s/
COLLEEN KOLLAR-KOTELLY
United States District Judge

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UMG RECORDINGS, *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>JOHN DOES 1-199,<br><br>Defendants. | Civil Action No. 04-093 (CKK) |

**ORDER**
(March 10, 2004)

In keeping with the accompanying Memorandum Opinion, it is this 10th day of March, 2004, hereby

ORDERED that Plaintiffs' Motion for Leave to Take Immediate Discovery [5] is GRANTED. Plaintiffs will be allowed to serve immediate discovery on Verizon to obtain the identity of each John Doe Defendant by serving a Rule 45 subpoena that seeks information sufficient to identify each Defendant, including name, address, telephone number, email address, and Media Access Control address. Any information disclosed to Plaintiffs in response to the Rule 45 subpoena may be used by Plaintiffs solely for the purpose of protecting Plaintiffs' rights as set forth in the Complaint. If and when Verizon is served with a subpoena, Verizon shall give written notice, which can include use of email, to the subscribers in question within five business days. If Verizon and/or any Defendant want to move to quash the subpoena, the party must do so before the return date of the subpoena, which shall be 25 days from the date of service. Verizon shall preserve any subpoenaed information pending the resolution of any timely filed motion to quash. It is further

ORDERED that Plaintiffs shall provide Verizon a copy of this Memorandum Opinion and Order along with its subpoena; it is further

ORDERED that the Motion of Public Citizen, the American Civil Liberties Union, the Electronic Frontier Foundation and the ACLU of the National Capitol Area to file as *amici curiae* [6] is GRANTED.

March 10, 2004

/s/
COLLEEN KOLLAR-KOTELLY
United States District Judge

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

MOTOWN RECORD COMPANY, L.P., a )
California limited partnership; )
INTERSCOPE RECORDS, a California )
general partnership; VIRGIN RECORDS ) No.: 04 C 3019
AMERICA, INC., a California corporation; )
ATLANTIC RECORDING )
CORPORATION, a Delaware corporation; )
BMG MUSIC, a New York general )
partnership; ELEKTRA )
ENTERTAINMENT GROUP INC., a )
Delaware corporation; WARNER BROS. )
RECORDS INC., a Delaware corporation; )
PRIORITY RECORDS LLC, a California )
limited liability company; CAPITOL )
RECORDS, INC., a Delaware corporation; )
ARISTA RECORDS, INC., a Delaware )
corporation; MAVERICK RECORDING )
COMPANY, a California joint venture; )
SONY MUSIC ENTERTAINMENT INC., )
a Delaware corporation; LOUD )
RECORDS, LLC, a Delaware corporation; )
and UMG RECORDINGS, INC., a )
Delaware corporation, )
)
    Plaintiffs, )
)
        vs. )
)
DOES 1 - 16, )
)
    Defendants. )

## ORDER GRANTING PLAINTIFFS' *EX PARTE* MOTION FOR LEAVE TO TAKE IMMEDIATE DISCOVERY

Upon the *Ex Parte* Motion of Plaintiffs for Leave to Take Immediate Discovery and the supporting Memorandum of Law, and the declaration of Jonathan Whitehead and the exhibit thereto, it is hereby:

ORDERED that Plaintiffs may serve immediate discovery on WideOpenWest Holdings LLC to obtain the identity of each Doe Defendant by serving a Rule 45 subpoena that seeks information sufficient to identify each Doe Defendant, including the name, address, telephone number, e-mail address, and Media Access Control addresses for each Defendant. The disclosure of this information is ordered pursuant to 47 U.S.C. § 551(c)(2)(B).

IT IS FURTHER ORDERED THAT any information disclosed to Plaintiffs in response to the Rule 45 subpoena may be used by Plaintiffs solely for the purpose of protecting Plaintiffs' rights under the Copyright Act.

IT IS FURTHER ORDERED THAT WideOpenWest shall preserve the data, records and information responsive to the subpoena that will be served by the Plaintiffs.

IT IS FURTHER ORDERED THAT if and when WideOpenWest is served with a subpoena, within five (5) business days thereof it shall notify each Doe Defendant (WideOpenWest subscribers) of the existence of this lawsuit and of receipt of Plaintiffs' subpoena whereby Plaintiffs are seeking to learn the subscribers' identities. After WideOpenWest gives such notice to the Doe Defendants, any Doe Defendant may raise an objection in the form of a motion to quash at the status conference which the Court has scheduled for June 15, 2004, 9:30 a.m. in Courtroom 1858, Dirksen Federal Building, 219 S. Dearborn, Chicago, Illinois 60604. WideOpenWest shall include in its notice to the Doe Defendants notice of this status conference.

IT IS FURTHER ORDERED THAT counsel for the Plaintiffs shall provide a copy of this Order to WideOpenWest when the subpoena is served.

Dated: 5/24/04

United States Magistrate Judge Nan R. Nolan

2

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
LAFAYETTE DIVISION

| | | |
|---|---|---|
| ARISTA RECORDS, INC., a Delaware corporation; ELEKTRA ENTERTAINMENT GROUP INC., a Delaware corporation; MOTOWN RECORD COMPANY, L.P., a California limited partnership; SONY MUSIC ENTERTAINMENT INC., a Delaware corporation; UMG RECORDINGS, INC., a Delaware corporation; and WARNER BROS. RECORDS INC., a Delaware corporation, <br><br> Plaintiffs, <br><br> v. <br><br> JOHN DOE, <br><br> Defendant. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | Cause No.: <br><br> **4:04CV0036AS** |

## ORDER GRANTING PLAINTIFFS' MOTION FOR LEAVE TO TAKE IMMEDIATE DISCOVERY

This matter coming before the Court upon Plaintiffs' Motion for Leave to Take Immediate Discovery, and the Court being duly advised, hereby

ORDERS that Plaintiffs may serve immediate discovery on Northwest Indiana Internet Services, Inc. to obtain the identity of the Doe Defendant by serving a Rule 45 subpoena that seeks information sufficient to identify the Doe Defendant, including the name, address, telephone number, e-mail address, and Media Access Control addresses for the Defendant. The disclosure of this information is ordered pursuant to 47 U.S.C. § 551(c)(2)(B).

IT IS FURTHER ORDERED THAT any information disclosed to Plaintiffs in response to the Rule 45 subpoena may be used by Plaintiffs solely for the purpose of protecting Plaintiffs' rights under the Copyright Act.

Dated: 5/24/2004

s/Allen Sharp
United States District Judge

Copies to:

James Dimos #11178-49
Joel E. Tragesser #21414-29
LOCKE REYNOLDS LLP
201 North Illinois Street
Suite 1000
P.O. Box 44961
Indianapolis, IN 46244-0961
jdimos@locke.com
jtragesser@locke.com