UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF KENTUCKY
COVINGTON DIVISION

| | |
|---|---|
| WARNER BROS. RECORDS INC., a Delaware corporation; ARISTA RECORDS, INC., a Delaware corporation; VIRGIN RECORDS AMERICA, INC., a California corporation; MAVERICK RECORDING COMPANY, a California joint venture; BMG MUSIC, a New York general partnership; ATLANTIC RECORDING CORPORATION, a Delaware corporation; ELEKTRA ENTERTAINMENT GROUP INC., a Delaware corporation; CAPITOL RECORDS, INC., a Delaware corporation; PRIORITY RECORDS LLC, a California limited liability company; MOTOWN RECORD COMPANY, L.P., a California limited partnership; UMG RECORDINGS, INC., a Delaware corporation; INTERSCOPE RECORDS, a California general partnership; and SONY MUSIC ENTERTAINMENT INC., a Delaware corporation, <br><br>Plaintiffs,<br><br>vs.<br><br>DOES 1 - 35,<br><br>Defendants. | No.: 04-84 <br><br> Eastern District of Kentucky <br> **FILED** <br> MAY - 4 2004 <br> AT COVINGTON <br> LESLIE G WHITMER <br> CLERK U S DISTRICT COURT |

## ORDER GRANTING PLAINTIFFS' MOTION FOR LEAVE TO TAKE IMMEDIATE DISCOVERY

Upon the Motion of Plaintiffs for Leave to Take Immediate Discovery and the supporting Memorandum of Law, and the declaration of Jonathan Whitehead and the exhibit thereto, it is hereby:

ORDERED that Plaintiffs may serve immediate discovery on Insight Midwest, L.P. to obtain the identity of each Doe Defendant by serving a Rule 45 subpoena that seeks information sufficient to identify each Doe Defendant, including the name, address, telephone number, e-mail address, and Media Access Control addresses for each Defendant. The disclosure of this information is ordered pursuant to 47 U.S.C. § 551(c)(2)(B).

IT IS FURTHER ORDERED THAT any information disclosed to Plaintiffs in response to the Rule 45 subpoena may be used by Plaintiffs solely for the purpose of protecting Plaintiffs' rights under the Copyright Act.

Dated: May 4, 2004

William O. Bertelsman
United States District Judge

From:SOBLE & ROWE LLP          734 662 0552          05/06/2004 14:15 #224 P.002/005

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BMG MUSIC, a New York general partnership;
ATLANTIC RECORDING CORPORATION,
a Delaware corporation; ELEKTRA
ENTERTAINMENT GROUP INC., a Delaware
corporation; MOTOWN RECORD COMPANY, L.P.,
a California limited partnership; ARISTA
RECORDS, INC., a Delaware corporation;
WARNER BROS. RECORDS INC., a Delaware
corporation; CAPITOL RECORDS, INC., a
Delaware corporation; SONY MUSIC
ENTERTAINMENT INC., a Delaware
corporation; UMG RECORDINGS, INC., a
Delaware corporation; VIRGIN RECORDS
AMERICA, INC., a California corporation;
and MAVERICK RECORDING COMPANY,
a California joint venture,

     Plaintiffs,

v.

DOES 1 - 9,

     Defendants.

Case No. 5:04-cv-58

Hon. Wendell A. Miles

## ORDER GRANTING PLAINTIFFS' *EX PARTE* MOTION FOR LEAVE TO TAKE IMMEDIATE DISCOVERY

The plaintiffs in this action have asserted claims of copyright infringement against nine unknown or "Doe" defendants. The complaint, filed on April 28, 2004, alleges that each defendant disseminated over the Internet copyrighted musical works owned or controlled by the plaintiffs, doing so without plaintiffs' consent or permission.

The matter is currently before the court on Plaintiffs' *Ex Parte* Motion for Leave to Take Immediate Discovery (docket no. 3). Plaintiffs' motion is supported by the Declaration of Jonathan Whitehead (docket no. 6). In their motion, which is made *ex parte* because plaintiffs do not

From:SOBLE & ROWE LLP             734 662 0552          05/06/2004 14:16 #224 P.003/005

currently know the names of the defendants, plaintiffs seek discovery in advance of the conference provided by Fed.R.Civ.P. 26(f) so that they may obtain information which will enable them to identify and serve the defendants. More specifically, plaintiffs seek leave to serve a Fed.R.Civ.P. 45 subpoena on Michigan State University ("MSU"), which plaintiffs contend they have been able to identify as the Internet Service Provider of each of the defendants. Although the plaintiffs do not so state in their motion, the court has inquired of plaintiffs whether they have notified MSU of the pendency of this action and of the motion for discovery. Plaintiffs have responded to these inquiries in the affirmative, and have represented that MSU has communicated to plaintiffs that it does not intend to object to the discovery.

Given plaintiffs' allegations, it is apparent that this action will not advance to service of the summons and complaint unless and until plaintiffs are able to learn the defendants' identifying information. For that reason, the court GRANTS the plaintiffs' motion and hereby ORDERS as follows:

1. Plaintiffs may serve immediate discovery on MSU to obtain the identity of each Doe defendant by serving a Fed.R.Civ.P. 45 subpoena that seeks information sufficient to identify each Doe defendant. This information shall be limited to the name, address, telephone number, e-mail address, and Media Access Control address for each defendant.

2. Any information disclosed to plaintiffs by MSU in response to the subpoena may be used by plaintiffs solely for the purpose of protecting plaintiffs' rights under the Copyright Act.

3. Plaintiffs shall serve upon MSU a copy of this Order together with any subpoena.

Ordered this 6th day of May, 2004.

/s/ Wendell A. Miles
Wendell A. Miles
Senior U.S. District Judge

2

UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Civil No. 04-1758(DSD/JSM)

Sony Music Entertainment,
Inc., a Delaware corporation;
Elektra Entertainment Group,
Inc., a Delaware corporation;
BMG Music, a New York general
partnership; Warner Bros.
Records, Inc., a Delaware
corporation, UMG Recordings,
Inc., a Delaware corporation;
Atlantic Recording Corporation,
a Delaware corporation; and
Virgin Records America, Inc.,
a California corporation,

   Plaintiffs,

v.                 ORDER

Does 1-2,

   Defendants.


Felicia J. Boyd, Esq., Kara L. Benson, Esq. and Faegre &
Benson, 2200 Wells Fargo Center, 90 South Seventh Street,
Minneapolis, MN 55402, counsel for plaintiffs.


This matter is before the court upon plaintiffs' ex parte motion for leave to take immediate discovery. Plaintiffs own numerous copyrights in sound recordings. They allege that defendants have infringed some of those copyrights. In the present motion, plaintiffs seek leave to obtain limited discovery from a third-party internet service provider ("ISP") to determine the defendants' true identities. Plaintiffs assert that without this limited discovery, they will be unable to identify the defendants,

vindicate their rights under the Copyright Act or protect their works from further infringement. For the following reasons, plaintiffs' motion is granted.

**BACKGROUND**

Defendants are alleged to have used an online media distribution system to download, copy, distribute and make available for distribution by others many of plaintiffs' copyrighted works. (Whitehead Decl. ¶ 16 & Ex. 1.) Plaintiffs have identified the Doe defendants by the unique Internet Protocol ("IP") addresses assigned to them at the time the alleged infringement occurred. (Id. ¶¶ 12, 16.) Plaintiffs have obtained lists of the sound files which they allege defendants made available to the public for copying and redistribution. (Id. Ex. 1.)

Plaintiffs identify the University of Minnesota as the ISP that provided internet access to the Doe defendants. (Id. ¶¶ 12, 16.) ISPs are capable of matching an IP address to its assigned user through subscriber activity logs. However, such logs are generally kept for a limited period of time. Therefore, plaintiffs seek leave to immediately serve limited discovery requests upon the University of Minnesota via Rule 45 subpoena. See Fed. R. Civ. P.

45. Plaintiffs agree to request only the name, address, telephone number, e-mail address and Media Access Control address of each defendant.

## DISCUSSION

It is well settled in this circuit that plaintiffs may use discovery to identify Doe defendants. See Munz v. Parr, 758 F.2d 1254, 1257 (8th Cir. 1985). Plaintiffs may seek expedited discovery where good cause is shown. See, e.g., Intermedia Partners SE, Gen. P'ship v. QB Distrib's. L.L.C., 999 F. Supp. 1274, 1278 (D. Minn. 1998) (granting TRO and expedited discovery where plaintiff alleged piracy of cable broadcast programming in violation of the Communications Act of 1934); Tonka Corp. v. Tsaisun, Inc., 1989 WL 29980, at *1 (D. Minn. Nov. 6, 1986) (allowing expedited discovery in copyright action).

In this case, plaintiffs have shown good cause for limited discovery, because they stand to suffer irreparable harm, the information they seek is necessary to further the litigation, it is unavailable by any other means and it may be short lived. Further, the court finds no prejudice to defendants, because plaintiffs may use the information discovered solely for the purpose of protecting their rights under the Copyright Act.

## CONCLUSION

For the reasons stated, **IT IS HEREBY ORDERED** that:

1. Plaintiffs' motion for leave to take immediate discovery [Docket No. 3] is granted.

2. Plaintiffs may immediately serve a Rule 45 subpoena on the University of Minnesota to obtain the identity of each defendant.

3. Plaintiffs may use any information so discovered solely for the purpose of protecting their rights under the Copyright Act.

Dated: May 4, 2004

                                             s/David S. Doty
                                             David S. Doty, Judge
                                             United States District Court

CLERK'S OFFICE U.S. DIST COURT
AT ROANOKE, VA
FILED

MAY 0 3 2004

JOHN F. CORCORAN, CLERK
BY: /s/ [signature]
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

LONDON-SIRE RECORDS INC., et al., )
)
Plaintiffs, )
) Civil Action No.: 7:04CV00208
v. )
) **ORDER**
)
JOHN DOE, ) By: Hon. Glen E. Conrad
) United States District Judge
Defendant. )
)

This case is before the court on Plaintiffs' Motion for Leave to Take Immediate Discovery. Upon consideration of Plaintiffs' Motion and supporting Memorandum of Law, as well as the declaration of Jonathan Whitehead, it is hereby

ORDERED

that Plaintiffs may initiate immediate discovery prior to the conduct of a Rule 26(f) conference.

The Clerk is directed to send a certified copy of this Order to counsel for all parties.

ENTER: This 3rd day of May, 2004.

_____
United States District Judge

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

VIRGIN RECORDS AMERICA, INC. :
ET AL :
    Plaintiffs :
                                                      :   CIVIL ACTION NO.
                                                      :   3-04-cv-701 (JCH)
v. :

DOES 1 - 3 :  APRIL 29, 2004
    Defendants :

### ORDER GRANTING PLAINTIFFS'
### MOTION FOR EXPEDITED DISCOVERY [DKT. NO. 5-1]

Upon the Motion of plaintiffs for Expedited Discovery, the supporting Memorandum of Law, and the declaration of Jonathan Whitehead and the exhibit thereto, the court finds there is good cause for expedited discovery, in particular, to preserve evidence and to identify the defendants for service.

It is therefore ORDERED that:

1.   Plaintiffs may serve immediate discovery on Patriot Media & Communications ("Patriot") to obtain the identity of Doe defendants 1, 2 and 3 by serving a Rule 45 subpoena that seeks information sufficient to identify each Doe defendant, including the name, address, telephone number, e-mail address, and Media Access Control address for each defendant.

2.   If and when Patriot is served with a subpoena, within five business days thereof, it shall give notice (notice via email is sufficient) of the subpoena to the subscribers in question. If Patriot and/or any defendant wishes to move to quash the subpoena, the

party must do so before the return date of the subpoena, which will be 15 business days from the date of service.

3. If and when Patriot is served with a subpoena, Patriot shall immediately preserve the subpoenaed information in question pending resolution of any timely-filed motion to quash; and

4. Counsel for plaintiffs shall provide a copy of this Order to Patriot along with the subpoena.

5. The disclosure of this information is ordered pursuant to 47 U.S.C. § 551(c)(2)(B), which authorizes cable operators to disclose personally identifiable information when the cable operators are ordered to do so by a court.

IT IS FURTHER ORDERED THAT any information disclosed to plaintiffs in response to the Rule 45 subpoena shall be used by plaintiff solely for the purpose of protecting plaintiffs' rights under the Copyright Act.

SO ORDERED.

Dated at Bridgeport, Connecticut this 29th day of April, 2004.

/s/ Janet C. Hall
Janet C. Hall
United States District Judge